

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 11 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

PAMELA BROWN                                          **PLAINTIFF**

V.                    CASE NO. 4:18-cv-319- SWW

ROBINSON NURSING and
REHABILITATION CENTER, LLC                    **DEFENDANT**

---

## COMPLAINT

---

Comes now Plaintiff, PAMELA BROWN, Individually, by and through her

attorney, Alvin L. Simes, P.A., and for her Complaint against ROBINSON NURSING

and REHABILITATION CENTER, LLC., states:

### JURISDICTION

That Jurisdiction in this matter is based upon Arkansas Statutes 16-60-112 &

16-55-213, seq.  That Jurisdiction is also based upon diversity of Citizenship, and

Jurisdiction is invoked pursuant to 28 U.S.C §1332(a).

### PARTIES

That the Plaintiff PAMELA BROWN resides at 2675 Meadowbrook Drive, Horn

Lake, Mississippi 38637.  That the Plaintiff is a resident of the County of DeSoto and

State of Mississippi.  That at all times hereto, Defendant Robinson Nursing and

Rehabilitation Center, LLC., is a corporation which at all times conducted business

within the state of Arkansas and is subject to jurisdiction in Arkansas.  That Robinson

Nursing and Rehabilitation Center, LLC., Corporate Office is located at 519 Donovan

Briley Boulevard, North Little Rock, Arkansas 72118.  That at all times herein Defendant

1

This case assigned to District Judge *Wright*
and to Magistrate Judge *Volpe*

Robinson Nursing and Rehabilitation Center, LLC., is located at 519 Donovan Briley Boulevard, North Little Rock, Arkansas 72118.  That the Plaintiff, Pamela Brown and the Defendant, Robinson Nursing and Rehabilitation Center, LLC., are completely diverse in United States Citizenship.

## COUNT I.

### NEGLIGENCE OF DEFENDANT
### ROBINSON NURSING AND REHABILITATION

1.  That on or about December 12, 2016, Pamela Brown was a business invitee and patient of Robinson Nursing and Rehabilitation Center, LLC., 519 Donovan Briley Boulevard, North Little Rock, Arkansas 72118, owned and/or operated by the Defendant and was lawfully on the premises for the purpose of receiving the type of treatment provided business patient by the Defendant.

2.  That on that date Plaintiff Pamela Brown was receiving treatment from the Defendant slipped in a puddle of water on the floor which created a fall hazard.  That the water was slippery and was leaking from the Defendants air condition unit.  The water leaking upon the floor from the air conditioner, illustrated a dangerous condition that existed for such a length of time that, in the exercise of ordinary care, Defendant had actual or constructive knowledge of the hazard because Defendants should have known of the condition.

3.  At the time Plaintiff returned to her room the staff member stopped the wheelchair without properly locking the safety brakes.  After these facts, the Plaintiff got out of her wheelchair and grabbed her walker.  The Plaintiff asserts after she placed her walker legs onto the floor she and the walker slipped upon water that was on the floor within her room at the Defendant's facilities.

2

4.  That as a result of the water and Plaintiff falling to the floor Plaintiff sustained injuries.  That it was the water on the floor from the air condition unit that was the proximate cause of Plaintiff's injuries.  That it was the failure by the staff member who was pushing Plaintiff in the wheelchair and negligence by (1) failing to inspect the room when Defendant returned the Plaintiff to her room; (2) failing to properly assist the Plaintiff out of her wheelchair onto her walker; and (3) failing to properly lock and safely secure the wheels on Plaintiff's wheelchair.

5.  That Plaintiff, Pamela Brown, slipped and then fell suddenly onto the floor injuring her head, neck, right shoulder, upper arm, abdomen, right hip, mid back, lower back, left hand and left lower leg.  This slip and fall was due to the negligent acts and omissions of Defendant in that Defendant negligently created a dangerous or negligent condition, to wit:

A.  By failing to provide a safe environment for a business invitee to walk upon;

B.  In failing to keep the said premises in a safe and proper condition for the use of its business invitees; and

C.  In failing to warn the Plaintiff, Pamela Brown, of the dangerous condition of said failure to keep the premises in a safe condition, which caused the slip and fall at the place where the Plaintiff, Pamela Brown, was caused to fall.

6.  That at the time and place aforesaid, the Defendant so recklessly or negligently maintained, operated or controlled said premises as to cause the Plaintiff, Pamela Brown, to be injured thereon at a time when the Defendant, caused the premises to be unsafe, and knew, or by the exercise of ordinary care, should have

3

known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by patients.

7.  At the aforesaid time and place the Defendant failed to exercise proper care in maintaining said area in a safe condition, or in the alternative;

8.  That the Defendant employed incompetent, inexperienced, unskilled or untrained careless employees and/or failed to exercise proper supervision of said employees in maintaining the said area in a proper, safe condition, thereby causing serious injuries to the Plaintiff, Pamela Brown, as herein alleged.

9.  That at the time and place aforesaid, the Defendant knew or should have known of the existence of the dangerous walking environment and fall hazard for a period of time sufficient to put the Defendant on notice, and the Defendant failed under its duty to both clean the area or warn business invitees of said dangerous condition.

10. That the Defendant employees knew of the existence of the dangerous environment in the area, and in the exercise of their duty to maintain the said area in a reasonably safe condition for the invitees' use, so carelessly and negligently maintained said area that it was, in fact, a hazard, and it caused the Plaintiff to fall violently substantially injuring herself.

11. The Plaintiff acquired the legal status of business invitee upon the Defendant's property.  That the Defendant is open for public business within Pulaski County, North Little Rock, Arkansas.  That the Defendant provides a variety of services including physical therapy services, occupational therapy services, therapeutic recreation service, nursing services and physician services.

12. That business invitees must pay reasonable compensation for these

4

services.  That the Plaintiff, Pamela Brown, was a business invitee on December 12,
2016.  That at said time and place the Plaintiff walked into Robinson Nursing and
Rehabilitation Center, LLC for treatment.

13. That while walking along the Defendants walking area the Plaintiff slipped on
water and fell to floor, and injured her head, neck, right shoulder, upper arm, abdomen,
right hip, mid back, lower back, left hand and left lower leg.  That the Defendants knew
or should have known that the water was on the floor and that the air condition unit
needed corrective maintenance and that it created a danger for business patients
including the Plaintiff.

### COUNT II.
### FAILURE TO WARN

14. Plaintiff re-alleges and incorporates the allegations contained in paragraphs
1 – 13.

15. That because of the Defendant's failure to place or put out adequate
warning signs or remove the water as a precautionary measure the Plaintiff was injured.
That the Plaintiff, Pamela Brown sustained serious injuries to her head, neck, right
shoulder, upper arm, abdomen, right hip, mid back, lower back, left hand and left lower
leg.

16. The Defendant knew or should have known of the danger created by
the water on the floor, within Plaintiff's room, and should have taken reasonable
steps to maintain the premises in a safe condition.

17. As a business invitee upon the Defendant's property, the Defendant,
owed the Plaintiff the following duty.  In this case, Plaintiff, Pamela Brown, was a
business invitee upon the premises of Robinson Nursing and Rehabilitation Center,

LLC.  The Defendant owed Plaintiff a duty to use ordinary care to maintain the premises in a reasonably safe condition.  In this case, the Defendant breached the legal duty owed to the Plaintiff.

18. A possessor of land owes a duty to a business invitee to use ordinary care to protect her/him, not only from dangers of which the possessor knows, but also against those which, with reasonable care, he might discover.

## COUNT III.
## CREATING A DANGEROUS CONDITION

19. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 14- 18.

20. That the Plaintiff sustained injuries to her head, neck, right shoulder, upper arm, abdomen, right hip, mid back, lower back, left hand and left lower leg.  That the Defendant owed a duty of care toward the Plaintiff and other patients within the area of foreseeable danger.  That the Defendant Robinson Nursing and Rehabilitation Center, LLC., was careless and negligent as follows:

a.     Failure to keep their property safe for their business invitees and patients;

b.     Failure to maintain their property in a safe condition on the behalf of their business invitees and patients;

c.     Failure to otherwise warn the Plaintiff and other business invitees of the dangerous and accumulation of water on the floor in Plaintiff's room;

d.     Failure to clean up water on the floor and in the aisles, and take other safety precautions to prevent injury or harm to the Plaintiff and other business invitees;

e.     Failure to place and or put out proper and adequate safety warning signs;

f.    Failure to act reasonable under the circumstances;

g.    Creating a dangerous condition upon the Defendant's property; and

h.    Failure to exercise ordinary care under the existing dangerous conditions.

21. The aforesaid acts of negligence on the part of that Defendant Robinson Nursing and Rehabilitation Center, LLC., proximately caused the injury of the Plaintiff, Pamela Brown.

## IV.

### NEGLIGENCE OF DEFENDANT ROBINSON NURSING AND REHABILITATION CENTER LLC

22.  Plaintiff re-alleges and incorporates the allegations contained in paragraphs 19 – 21.

23. That as a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered a serious injury.  The Plaintiff has suffered a serious injury, great physical pain and suffering; and that said negligence and resulting injury was the cause and/or proximate cause of this incident.

24. That the Plaintiff suffered and sustained an injuries to her head, neck, right shoulder, upper arm, abdomen, right hip, mid back, lower back, left hand and left lower leg and had surgery to her right shoulder, as a result of the fall she sustained upon the Defendant's property.

25. That the Plaintiff further seeks reasonable compensation for past, present and future pain and suffering.  Further the Plaintiff seeks reasonable compensation for past, present and future mental anguish and emotional distress.

26. That the Plaintiff has incurred numerous medical bills from UAMS in the sum amount of $15,740.27, Arkansas Surgical Hospital in the sum amount of $12,224.91, St.

Vincent Infirmary in the sum amount of $5,419.41, Dr. Larry Nguyen in the sum amount of $6,021.00, Metropolitan Emergency Medical Service in the sum amount of $993.75, Critten/Pinnacle Anesthesia in the sum amount of $770.00, St. Vincent Medical Group in the sum amount of $250.00, College Group Physicians in the sum amount of $1,731.00, Radiology in the sum amount of $60.00, Arkansas Spine and Pain Clinic in the sum amount of $1,946.00, Dr. Stew Rhodes in the sum amount of $201.00, Dr. Walker Lee in the sum amount of $450.00, and Arkansas Pathology Associates in the sum amount of $85.00. That the Plaintiff has unspecified medical bills in the sum amount of $45,892.35.

27. That as a result of the injuries sustained as a result of the Defendant's negligence the Plaintiff has a permanent injury. That because of the nature, extent, and duration of the Plaintiff's injury the Plaintiff is unable to work. That the Plaintiff seeks reasonable compensation for past, present and future loss of income, and loss earning capacity.

28. That the Plaintiff also seeks reasonable compensation as a result of the permanent injury she sustained as a result of the Defendant's negligence.

### COUNT VI.
### RES IPSA LOQUITUR

29. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 22 – 28.

30. First, that the following injuries sustained to Pamela Brown were attributed to the Defendant's flooring area which was under the exclusive control of Robinson Nursing and Rehabilitation Center, LLC and within the exclusive possession of Robinson Nursing and Rehabilitation Center, LLC.

8

31. Secondly, that in the normal course of events, no injury would have occurred if Robinson Nursing and Rehabilitation Center, LLC had used ordinary care in observing and maintaining its air condition unit, which was under its exclusive control.

32. Third, that Robinson Nursing and Rehabilitation Center, LLC., was in control of the Defendant's flooring and air conditioning unit owed a duty to Plaintiff Pamela Brown, to use ordinary care.  That as a result of Robinson Nursing and Rehabilitation Center, LLC., failure to comply with these three (3) elements of law, they are in fact responsible for Plaintiff's injuries and the medical bills of the Plaintiff, Pamela Brown under the theory and doctrine of *Res Ispa Loquitur*.

33. That the Plaintiff seeks lost earnings from work as a result of the Defendant's negligence.  That the Plaintiff seeks unspecified damages for any and all permanent impairment.  Plaintiff seeks all out of pocket expenses incurred as a result of her medical treatment and care, due to the negligence of the Defendant.  Plaintiff also seeks past, present and future loss of income and earning capacity.

## COUNT VII
## STRICT LIABILITY

34. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 29 – 33.

35. At all material times, the Defendant's flooring and air condition units were unreasonably dangerous and defective because:

> A.  The Defendant  Robinson Nursing and Rehabilitation Center, LLC failed to use due care in the servicing of the air condition unit and its component parts in order to avoid the aforementioned risks to an individual;

9

    B.  The Defendant Robinson Nursing and Rehabilitation Center, LLC failed to provide adequate warnings against dangerous flooring condition and hazards to cause and/or contribute to injuries;

    C.  The Defendant Robinson Nursing and Rehabilitation Center, LLC failed to incorporate within the premises and its  reasonable safeguards and protections against flooring hazards and its defective air condition.

    D.  The Defendant Robinson Nursing and Rehabilitation Center, LLC failed to adequately identify and mitigate the hazards associated with regards to its defective air condition unit and hazardous flooring;

    E.  The Defendant Robinson Nursing and Rehabilitation Center, LLC failed to provide adequate warnings.

36. The Plaintiff has continuing pain in her back, right shoulder and right hip. That she cannot walk long distance without experiencing pain and discomfort.  That Plaintiff's right hip has gotten progressively worst since this incident.  That Plaintiff has sustained a loss of range of motion within her right hip.  That it is anticipated that Plaintiff will need surgery on her right hip.  That the Plaintiff contends her level of pain in her right hip is currently at a ten (10) level.  That because of the Plaintiff's injuries she is unable to enjoy her normal life style, hobbies and social activities.

37. That the Plaintiff continues to have pain in her right shoulder and that pain is a level ten (10).  That the Plaintiff cannot use her right shoulder to work or to perform any working duties at home, such as cooking, cleaning, washing or any other home cleaning duties.  That the Plaintiff cannot hold any objects within her left hand.  That the

Plaintiff is obtaining treatment from a pain specialist to address or treat her levels of severe pain. That the Plaintiff is taking Tylenol daily for her pain and discomfort.

38. That the Plaintiff has suffered serious bodily injuries, and resulting pain and suffering, permanent injuries disability, permanent disfigurement, permanent physical impairment, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money. That the losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that she have and recover a judgment against the Defendant, Robinson Nursing and Rehabilitation Center, LLC., for unspecified damages for past, present and future pain and suffering, past, present and future mental anguish and emotional distress, together with her costs expanded and all other just and proper relief to which she may be entitled. That Plaintiff seeks unspecified damages for permanent injuries permanent disability, permanent disfigurement, permanent physical impairment, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money. That the Plaintiff seeks unspecified damages for any and all permanent impairment. Further, Plaintiff seeks all other pecuniary damages set forth by Arkansas Law, including past, present and future medical bills. In addition, Plaintiff seeks all out of pocket expenses incurred as a result of her medical treatment and care due to the negligence of the Defendant, Robinson Nursing and Rehabilitation Center, LLC., medical bills in the sum amount of $45,892.35. The Plaintiff seeks past, present, and future lost earnings. In addition, the

Plaintiff reserves the right to amend her Complaint.  Finally, Plaintiff requests a trial by jury.

Respectfully Submitted,

Alvin L. Simes (89-188)
Attorney at Law
P.O. Box 1248
Forrest City, AR 72335
Telephone    870-633-7961
Facsimile     870-633-6176

By :  _Alvin L. Simes_