IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| PAMELA BROWN * | |
|     PLAINTIFF * | |
| * | |
| * | |
| V. * | CASE NO.  4:18CV00319 SWW |
| * | |
| * | |
| ROBINSON NURSING; * | |
| REHABILIATION CENTER, LLC; * | |
| TRINITY COURT, INC.; and * | |
| MICHAEL MORTON * | |
|     DEFENDANTS * | |

## OPINION AND ORDER

Pamela Brown brings this slip-and-fall action pursuant to the Court's diversity jurisdiction, seeking damages for injuries she allegedly sustained during her residency at a long-term care facility operated by Defendant Robinson Nursing and Rehabilitation Center, LCC ("Robinson"). In addition to Robinson, Brown sues Trinity Court, Inc. ("Trinity"), the owner of the building that houses Robinson's facility, and Michael Morton, a member of Robinson and shareholder of Trinity. Ms. Brown brings negligence and strict liability claims against each Defendant.

Before the Court are separate motions for summary judgment by Trinity and Morton (*Docs. 38, 39, 40, 41, 42, 43*), Ms. Brown's responses in opposition (*Docs. 52, 53, 54, 55, 56, 57*), and Defendants' replies (*Docs. 59, 60*).  Also before the Court is Defendants' joint motion to dismiss Ms. Brown's claim for strict liability and her

1

purported "claim" for *res ipsa loquitur* (Docs. 44, 45) and Brown's response in opposition (*Docs. 50, 51*). After careful consideration, and for reasons that follow, the motions are granted. Summary judgment is granted in favor of Trinity and Morton on all claims, Brown's claim for strict liability is dismissed, and her negligence claim against Robinson remains.

## I. Background

The following facts are taken from Brown's amended complaint. *Doc. 34-1*. On December 12, 2016, Brown resided at Robinson's long-term care facility, and she slipped and fell on a puddle of water in her room. Immediately before Brown fell, a staff member had transported her to her room in a wheelchair. Upon arriving in Brown's room, the staff member stopped the wheelchair, without engaging the brakes, so that Brown could rise and transfer to her walker. When Brown got up from the wheelchair and grabbed her walker, it slipped on water on the floor, and she fell, sustaining physical injuries.

Brown alleges that the water on the floor came from a leaky air conditioning unit in her room. She charges that Defendants caused her fall and injuries by: (1) failing to maintain a safe facility for business invitees; (2) failing to warn her of a dangerous condition, and (3) hiring incompetent employees that they failed to supervise. *Doc. 34 at 4-5*.

## II. Discussion

### A.     Defendants' Motion to Dismiss Claims for Failure to State a Claim[1]

Defendants argue that Brown fails to state a plausible claim for strict liability and that she cannot rely on the doctrine of *res ipsa loquitor* to prove negligence. The Court agrees.

Strict liability is imposed where a product is so unreasonably dangerous that the person who supplied it can be liable for damages without fault. Brown alleges that "Defendants' flooring . . . and air condition units were unreasonably dangerous and defective" *because* Defendants failed to service the air conditioning units, warn against dangerous flooring, and provide reasonable safeguards. *Doc. 34 at 11.* Brown's alleges fault on Defendants' part, which denotes negligence, not strict liability. In addition, Brown fails to allege that Defendants were "in the business of manufacturing, assembling, selling, leasing, or otherwise distributing" the flooring or air conditioning units at issue, as required under Arkansas's product liability

---

[1] When ruling on a 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

statute. See Ark. Code Ann. § 16-116-101(a). In sum, Brown fails to allege facts stating a plausible claim for strict liability under Arkansas law, which governs the substantive issues in this diversity case.

"*Res ipsa loquitur* is a doctrine that, when applied, allows the jury to infer negligence from the plaintiff's testimony of the circumstances surrounding the accident." *Stalter v. Coca-Cola Bottling Co. of Arkansas*, 282 Ark. 443, 446 (1984) (citation omitted). The doctrine is applicable *only* if the plaintiff establishes: (1) the injury was caused by an instrumentality under the control of the defendant; (2) the accident ordinarily would not happen in the absence of the defendant's negligence; and (3) there is no evidence of other causes of the accident. *Id*. at 447. If the doctrine applies, the defendant shoulders the burden to offset the inference. *Id*.

The Arkansas Supreme Court has repeatedly held that the doctrine of *res ipsa loquitur* is inapplicable in slip-and-fall cases. *Alexander v. Town & Country Discount Foods, Inc.*, 316 Ark. 446 (1994) (citations omitted). "The reason the doctrine is not applicable to slip and fall cases is that the sole cause of the injury is not necessarily a negligent act by the defendant. There are possibilities of negligence by third parties as well as the plaintiff. *Alexander,* 316 Ark. at 447. Brown cannot rely on the doctrine of *res ipsa loquitur* to prove negligence in this case.

4

**B.     Trinity's Motion for Summary Judgment[2]**

It is undisputed that Trinity owns the owns the building that houses Robinson's long-term care facility, and Trinity leases the building to Robinson. Accordingly, to succeed with her negligence claim against Trinity, Brown must establish that Trinity had a duty of reasonable care because Trinity either: (1) agreed to maintain the leased property and received consideration for that agreement; or (2) by its own conduct, assumed the duty to maintain the leased property. See Ark. Code Ann. § 18-16-110; *Propst v. McNeill*, 326 Ark. 623, 624–25(1996).  Brown must also show that Trinity failed to perform its agreed or assumed duty in a reasonable manner, proximately causing her damages.  Ark. Code Ann. 18-16-110(2).

---

[2] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

Brown does not allege in her amended complaint that Trinity agreed to maintain Robinson's facility or that it assumed such a duty, but she states that Trinity and Morton "owned and/or operated" Robinson's long-term care facility. *Doc. 34 at 3-4*.

Trinity argues that Brown is unable to establish that it had a duty of care or that it breached such a duty. Trinity submits Morton's affidavit, stating that he is a member of Robinson and a shareholder of Trinity. *Doc. 41-1 at 1*. Morton testifies that Robinson is the licensed operator of the long-term care facility where Brown resided on December 12, 2016 and that Robinson's administrator is responsible for the management and operation of the facility. *Id*. In addition, Morton testifies that the only involvement Trinity has with Robinson is collecting monthly lease payments. *Id. at 2*. He states that neither he nor Trinity was involved with the nursing or custodial care provided to Brown or the housekeeping and maintenance services provided to the facility during Brown's residency. *Id.*

Brown argues that questions remain regarding the relationship between Trinity and Robinson because Trinity failed to provide a lease agreement to support its motion. *Doc. 53, at 3-4*. In addition, she notes that Trinity did not offer the name of its premises liability insurance policy, and she speculates that Trinity and Robinson have the same policy or similar policies.

Trinity's motion for summary judgment is properly supported with Morton's

sworn testimony that Trinity had no role in maintaining Robinson's long-term care facility. Accordingly, Brown must designate specific facts creating a triable controversy, and she has failed to do so. The Court therefore finds that Trinity is entitled to summary judgment in its favor.

    **C.    Morton's Motion for Summary Judgment**

Under Arkansas law, a member or manager of a limited liability company is not personally liable for the company's debts, solely by reason of acting as a member or manager. See Ark. Code Ann. § 4-38-304 (effective July 28, 2021). Instead, a member may be held personally liable for his own acts, and under appropriate circumstances, the business entity form may be disregarded when illegally abused to the injury of a third person. *K.C. Properties of N.W. Arkansas, Inc. v. Lowell Inv. Partners, LLC*, 373 Ark. 14, 32, 280 S.W.3d 1, 15 (2008). Likewise, shareholders are not generally liable for the acts of their corporation, but they may be liable for their own acts or omissions. *Scott v. Cent. Arkansas Nursing Centers, Inc.*, 101 Ark. App. 424, 435, 278 S.W.3d 587, 595–96 (2008) (citing Ark. Code Ann. § 4–27–622(b) (Repl.2001); *McGraw v. Weeks,* 326 Ark. 285, 294, 930 S.W.2d 365, 370 (1996) (holding that a corporate employee may be sued if he is "personally involved in the events surrounding an injury")).

Morton submits his affidavit, testifying that he was not involved in the day-to-day housekeeping and maintenance operations at Robinson's facility, nor was he

involved or responsible for hiring, training, or supervision of Robinson's staff. *Doc. 38-2 at 2*. Morton further testifies that Trinity and Robinson maintain separate bank accounts and to do not commingle funds. *Id*. Morton argues that Brown is unable to establish that he was personally involved in events surrounding her fall, and in the absence of such evidence, he is entitled to summary judgment in his favor.

Brown argues that fact questions remain regarding the relationship between Trinity and Robinson, but she fails to come forward with any facts or evidence showing that such is the case or that Morton had any role in operating Robinson's facility. The Court therefore finds that Morton is entitled to summary judgment in his favor.

### III. Conclusion

For the reasons stated, motions for summary judgment by Separate Defendants Michael Morton (*Doc. 38*) and Trinity Court, Inc. (*Doc. 41*) are GRANTED. It is further ordered that Defendants' motion to dismiss claims based on strict liability and the doctrine of *res ipsa loquitor* (*Doc. 44*) is GRANTED. Plaintiff may proceed with her remaining negligence claim against Defendant, Robinson Nursing and Rehabilitation Center LLC.

IT IS SO ORDERED, this 26th day of January, 2022.

Susan Webber Wright<br>
UNITED STATES DISTRICT JUDGE