IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PAMELA BROWN**                                                                                **PLAINTIFF**

V.                                    No. 4:18-cv-00319 PSH

**ROBINSON NURSING
AND REHABILITATION CENTER
L.L.C.**                                                                                          **DEFENDANT**

## ORDER

Pending before the Court is Plaintiff Pamela Brown's Motion for a New Trial, or in the alternative, Judgment Notwithstanding the Verdict.[1] Defendant Robinson Nursing and Rehabilitation Center LLC has responded, and the motion is ripe for review.

### I.   Background

Plaintiff slipped and fell on December 12, 2016 at defendant Robinson Nursing and Rehabilitation Center, LLC while a patient at that facility.[2] She filed this action in 2018, and a jury trial was held on March 6 and 7, 2023 on her negligence claim.[3] The jury returned a verdict in favor of the defendant. Plaintiff now requests a new trial or a judgment notwithstanding the verdict, asserting a

---

[1] Plaintiff filed two motions for new trial. *See* Doc. Nos. 106 and 108. The motions are identical.
[2] Plaintiff also named Trinity Court, Inc. and Michael Morton as defendants. Her claims against them were dismissed prior to trial.
[3] Plaintiff's strict liability claim was previously dismissed.

number of claims of trial court error. Her motion is denied for the reasons set forth below.

## II.   Rule 59 Motion for New Trial

Rule 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P 59(a)(1)(A). A district court can only disturb a jury verdict to prevent a miscarriage of justice. *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994). With regard to plaintiff's motion for judgment notwithstanding the verdict, a district court must determine if sufficient evidence supports the jury verdict, considering the evidence in the light most favorable to the prevailing party. *Dace v. ACF Indus., Inc.*, 722 F.2d 374, 375-6 (8th Cir. 1983). The Court will address each of plaintiff's arguments as set forth in her motion.

**Denial of Motion for Voluntary Dismissal**

On the first day of trial, plaintiff moved for a dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, a motion the Court denied. Plaintiff claims she had an absolute right to a dismissal, and argues the Court committed error when her motion was denied. Rule 41 provides that a plaintiff may voluntarily dismiss without a court order if she files a notice of dismissal before the opposing party serves an answer or motion for summary judgment or by stipulation of all parties.

Otherwise, an action may only be dismissed by court order "on terms that the court considers proper." Fed.R.Civ.P 41(a)(1) and (2). Plaintiff requested a dismissal on the first day of trial. The defendant had served an answer long before and did not agree to a dismissal of the case. She was not entitled to dismissal without a court order. Additionally, the Court notes that this case involved an accident in 2016 and had been pending since May 2018. Plaintiff did not provide a valid reason for seeking a nonsuit and a dismissal would have resulted in prejudice to the defendant. The Court did not err when it denied the motion for dismissal.

### Exclusion of Video Deposition of Dr. Nguyen

The district court entered a scheduling order in this matter on May 25, 2022, well before the trial began on March 6, 2023. Doc. No. 72. That order required a party proffering an evidentiary deposition to designate pertinent portions of such deposition by February 6, 2023. Counter-designations were required to be made one week later. Objections to depositions or videos for use at trial were required to be made by February 17, 2023. *Id.* Plaintiff did not designate any portions of the deposition of Dr. Nguyen by the deadline, or even by the trial date. Her failure to do so was sound basis for the Court's exclusion of the video deposition. *See Jennings v. Nash*, No. 18-3261-cv-c-WJE, 2020 WL 763437 (W.D. Mo. Feb. 17, 2020). There was no abuse of discretion.

In addition, the defendant is correct that Fed.R.Civ.P. 32(a)(4) prohibits the use of non-party deposition testimony at trial unless the witness is unavailable. Plaintiff failed to establish that Dr. Nguyen was unavailable to testify, and the exclusion of his deposition testimony was proper.

**Allowing Testimony of Defense Expert Dr. Walden**

Plaintiff claimed that defense expert Dr. Walden was not qualified to offer opinions because he is an internal medicine physician, and not an orthopedic surgeon, and because he did not examine her.[4] Dr. Walden is a board-certified internal medicine physician practicing in Arkansas. He testified that he has treated many patients with the injuries claimed by plaintiff during his career. He reviewed plaintiff's medical records before forming his opinions. His opinions related to plaintiff's pre-existing medical condition, the cause of the injury requiring surgery, and injuries plaintiff suffered after her fall. Dr. Walden had appropriate background and experience sufficient to offer the opinions he gave at trial. He was not required to examine plaintiff in order to offer his opinions. Plaintiff's counsel was allowed to, and did, cross-examine Dr. Walden about his credentials and qualifications. The Court did not abuse its discretion in allowing Dr. Walden to testify.

---

[4] Plaintiff claimed her fall resulted in an injury to her shoulder that required surgery by an orthopedic surgeon.

4

Additionally, the Court notes that plaintiff's motion to exclude Dr. Walden was filed long after the motion deadline expired, and specifically 3 days before trial commenced. The scheduling order warns that "any motions submitted after [the] deadline may be denied solely on the basis of having been untimely filed. Daubert related motions must be filed by the motion deadline and shall not be filed as motions in limine." Doc. No. 72. The Court did not abuse its discretion in denying plaintiff's motion to exclude on grounds that the motion was filed late.

### Error in Not Allowing Plaintiff Specific Objections

This argument is not specific as to what objections or record the Court allegedly prevented plaintiff from making. Plaintiff's one sentence claim of error in this regard is insufficient and cannot be the basis of any finding of error.

### Failing to give AMI Jury Instruction 611

Plaintiff did not proffer jury instruction 611, regarding Act of God. Plaintiff and the defendant submitted agreed instructions that did not include instruction 611. The Court held a conference before the jury was instructed concerning any objections to instructions. Plaintiff had no objections. Additionally, she did not proffer instruction 611 to the Court for inclusion. Because she did not object to the proposed instructions and because she did not proffer instruction 611, plaintiff cannot now claim that the Court erred in not including an instruction she did not request. There was no error.

**Error in Denying Motion for New Trial After Receiving Verdict**

The Court did not commit error in this regard for the reasons set forth in this order.

**Evidence Does Not Support a Defense Verdict**

Plaintiff provides no argument or explanation to support her claim that the evidence did not support a defense verdict. She has failed to show that a serious miscarriage of justice may have occurred. Thus, her motion for new trial is denied. *See McKnight, supra*. Additionally, the Court finds that more than sufficient evidence was introduced to support the jury verdict, considering the evidence in the light most favorable to the prevailing party. *See Dace, supra.* Thus, plaintiff's motion for judgment notwithstanding the verdict is also denied.

### III. Conclusion

Plaintiff's Motion for a New Trial and Motion for Judgment Notwithstanding the Verdict are DENIED.

IT IS SO ORDERED this 17th day of April, 2023.

_____
Patricia S. Harris
United States Magistrate Judge